## SUPREME COURT.

### EGBERT DEMING agt. EZRA S. CHAPMAN.

In an action brought to compel the defendant to keep secret a certain invention, in pursuance of a written agreement between the parties, an *injunction*, restraining the defendant from divulging or teaching the secret, art, and invention of such matter, is not the proper remedy, especially where the defendant denies that he has divulged the thing mentioned in the agreement, but something else.

Because the moment the investigation as to the identity takes place, the secret vanishes—its *exclusiveness* is gone, and with it the action itself. And besides, the patent laws provide that inventions shall be secured for a certain time, and in a certain manner; and this jurisdiction is confided to the General Government, not to the state courts.

An action *for damages* is probably the only redress the plaintiff has in such case.

*New-York Special Term, Oct, 1854.*

—— —————— *for defendant.*
—— —————— *for plaintiff.*

ROOSEVELT, Justice. The object of this suit—a somewhat novel object, it would seem—is to compel the defendant to keep a secret. On the 1st of July last, one of my colleagues, deeming the case made by the plaintiff to be *prima facie* sufficient, issued a temporary injunction to restrain the defendant "from divulging or teaching the secret, art, and invention of marbleizing iron, slate, and other articles," according to the method which the plaintiff had taught him, and which, under the solemnity of an oath, he had stipulated by writing, in the form of an affidavit, sworn 4th March, 1852, "not at any time thereafter to make known, discover, or in any manner impart or communicate to any person, except Egbert Deming," the plaintiff. An order was at the same time made, requiring the defendant to show cause why the injunction, so granted, should not be continued till the final hearing.

Deming agt. Chapman.

The defendant now insists that "the art of making artificial marble" was the invention of a person of the name of Hardinge, in the state of Ohio; that Hardinge, in 1850, communicated the secret to one Williams, under a sworn stipulation, or affidavit, not to reveal it without Hardinge's consent; that Williams, on the 25th of February, 1852, violating his oath and agreement, communicated and sold the secret to Deming; and that Deming, therefore, deriving his own title, whatever it may be, through a violation of Williams's obligation to Hardinge, has no right either in law or equity, to demand the enforcement of Chapman's precisely similar obligation to him.

To meet the force of this answer—so direct and seemingly conclusive—the plaintiff alleges that the invention, as he purchased it of Williams, was "in an inefficient state, and nearly worthless." But how is such a position to be reconciled with the admitted dates of the case. Williams swears that he imparted the secret to Deming on the 25th of February, 1852; and Deming, in his complaint, swears that his contract with Chapman was on the 4th of March, only one week after. How, in so short an interval, could "much time and money have been spent in bringing out and perfecting the art." And yet Deming swears *he* made the alleged improvements. While on the other hand his witness, Williams, swears that the invention, as imparted by him to Deming, was entirely different from "the processes used by Hardinge," or, in other words, that he, *Williams*, imparted to Deming the improved invention, and of course that he, Williams, was the improver. But this is not all: Chapman produces a written instrument, (sworn, like the two already referred to,) taken by Deming from three other employees, only one week before Chapman's, in which he speaks, or makes them speak of the invention as "the secret, art, mystery, invention, and discovery, imparted and made known" by Williams.

With this contradiction before me, and without the least intimation of the particulars of the alleged improvement, I am bound, I think, to presume that the secret communicated to the defendant, Chapman, was substantially the same "art (as ex-

pressed in the contract with Hardinge) of making artificial marble," (not with merely painting with marble colors,) which Williams, if the doctrine of the plaintiff's complaint is good law, had no right to sell or reveal to Deming, and which Deming, therefore, had no right to sell or reveal to Chapman, or in any way to make the subject of a bill in equity. Hardinge, if any one, is the aggrieved party, and Deming, as much as Chapman, is the aggressor. Instead of Deming, therefore, filing a complaint against Chapman, Hardinge should file a complaint against both.

Is such a complaint, moreover, in any case sustainable? The patent laws provide that inventions shall be secured for a certain time, and in a certain manner. How, then, can the courts, in effect, secure an invention without a patent, and for a period of indefinite duration, instead of the limited time of fourteen years. Besides, the jurisdiction " of securing, for limited times, to inventors, the exclusive right to their respective discoveries," is confided by the constitution to the general government. Can the state tribunals, then, assume the same function after the general government has acted on the subject? But how is a decree, if made, to be enforced? The plaintiff must allege that the defendant has revealed the prohibited secret—the defendant admitting that he has revealed something, denies that it is the thing mentioned in his agreement— a question of identity arises for the court to determine; and how is the identity of two given things to be investigated, if we are not permitted to inquire what the given things are? But the moment the investigation takes place, the secret vanishes— its exclusiveness is gone; and with the exclusiveness of the subject of the action, the action itself disappears. (*See the cases of Newberry* agt. *James*, 2 *Merivale*, 446, *and Williams* agt. *Williams*, 3 *id.* 160.) An injunction, therefore, (if any,) is not the appropriate remedy—it is obviously inefficient in practice and incapable of enforcement. An action for damages would seem to be the only redress in such cases.

Motion to continue the preliminary injunction denied, without costs.